UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 24-0514 JGB (DTBx); 24-0540 JGB (DTBx) | Date | May 30, 2024 |
| Title | *Starlight Dunes Homeowners Association v. Dennis Sadorra, et al.* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motions to Remand (24-0514 - Dkt. No. 9; 24-0540 – Dkt. No. 12); (2) DENYING Defendant's Motion to Disqualify (Dkt. No. 20); and (3) VACATING the June 3, 2024 Hearing (IN CHAMBERS)

Before the Court are Plaintiff Starlight Dunes Homeowners Association's ("Starlight" or "Plaintiff") motions pertaining to two nearly identical cases: ED CV 24-0540 ("Complaint Case"); and ED CV 24-0514 ("Cross Complaint Case"). Starlight brings motions to remand in the Complaint Case (Dkt. No. 12); and the Cross Complaint Case (Dkt. Nos. 9-10) (collectively, the "MTR").[1] Defendant Dennis D. Sadorra ("Sadorra" or "Defendant") brings a motion to disqualify Judge Jesus Bernal in the Cross Complaint Case ("MTD," Dkt. No. 20). The Court refers to the MTR and MTD collectively as the "Motions." The Court finds these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motions, the Court **GRANTS** the MTR and **DENIES** the MTD. The Court **VACATES** the June 3, 2024 hearing.

//
//
//

---

[1] Both of these cases involve the same underlying state court action—in one case, defendant removed the Complaint, in the other, defendant removed the Cross Complaint. Additionally, the motions to remand, oppositions, and replies in each case are identical. As such, the Court need not distinguish between the two cases or conduct separate analysis for the purposes of this Order.

## I.  BACKGROUND

On July 8, 2020, Starlight filed a complaint against Sadorra in the Superior Court of California, County of Riverside.  ("Complaint," Cross Complaint Case, Dkt. No. 12, Ex. 4.)  The Complaint alleges two claims: (1) breach of covenant; and (2) declaratory relief.  (See id.)  On August 12, 2020, Sadorra filed a cross-complaint against Starlight in the Superior Court of California, County of Riverside.  ("Cross-Complaint," Cross Complaint Case, Dkt. No. 1 at 5) (collectively, "State Court Action").  The Cross-Complaint alleges six claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) violations of the Fair Employment and Housing Act, Cal. Code Reg. § 12120-12130 ("FEHA"); (5) intentional infliction of emotional distress ("IIED"); and (6) declaratory relief. (See id.)  On October 3, 2023, the state court scheduled a trial in the State Court Action for January 26, 2024 and later continued the trial date to March 8, 2024.  (Cross Complaint Case, Dkt. No. 12, Ex. 5.)

On March 7, 2024, Sadorra filed two separate notices of removal to remove the State Court Action to this Court.  ("NOR," Cross Complaint Case, Dkt. No. 1); see Complaint Case, Dkt. No. 1.)  Sadorra removed the actions based on federal question jurisdiction.  (NOR at 2; see Complaint Case.)

On March 7, 2024, Sadorra filed a request to proceed in forma pauperis.  ("IFP," Dkt. No. 2.)[2]  On April 8, 2024, Starlight filed this MTR on the grounds that the NOR is untimely, defective, and lacks federal jurisdiction.  (MTR at 2.)  In support, Starlight filed the declaration of Kyle E. Lakin ("Lakin Decl.," Dkt. No. 11); and a request for judicial notice ("RJN," Dkt. No. 12).[3]

On April 8, 2024, Sadorra filed a notice of dismissal pursuant to Federal Rules of Civil Procedure 41(a) or (c).[4]  ("Notice of Dismissal," Dkt. No. 16.)  On April 15, 2024, Sadorra filed this MTD pursuant to 28 U.S.C. § 455.  (MTD.)  In support, Sadorra filed his own declaration.  ("Sadorra MTD Decl.," Dkt. No. 21.)  On April 16, 2024, Sadorra opposed the MTR.  ("MTR Opposition," Dkt. No. 24.)  In support, Sadorra filed his own declaration.  ("Sadorra MTR Decl.," Dkt. No. 23.)

---

[2] Unless the Court specifies otherwise, all docket numbers refer to the Cross Complaint Case.

[3] The Court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Because the Court "may take judicial notice of court filings and other matters of public record," Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006), the Court **GRANTS** the RJN.

[4] Sadorra, who is the defendant in this matter, incorrectly checked a box which states "[t]his action is dismissed by the Plaintiff(s) in its entirety."  (Dkt. No. 16.)

On April 29, 2024, Starlight replied to the MTR Opposition. ("MTR Reply," Dkt. No. 25.) The same day, Starlight filed an objection to the Sadorra MTR Decl. ("Sadorra MTR Decl. Objection," Dkt. No. 26.) On May 10, 2024, Sadorra filed a response to the MTR Reply.[5] (Dkt. No. 31.)

On May 8, 2024, Sadorra filed a response to the Sadorra MTR Decl. Objection. (Dkt. No. 28.) On May 9, and May 15, 2024, Sadorra filed motions to continue the hearing on the MTR.[6] (Dkt. Nos. 30, 32.)

## II.   LEGAL STANDARD

### A. Disqualification

Under 28 U.S.C. § 144 ("Section 144"), a party may seek to disqualify a judge based on assertions stated in an affidavit that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. To be timely, the affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." Id. It also must "be accompanied by a certificate of counsel of record stating that it is made in good faith." Id.

A motion to disqualify a judge may also be brought under 28 U.S.C. § 455 ("Section 455"), which addresses additional circumstances that may merit a judge's recusal. Section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. § 455(a). Recusal is also proper "[w]here [a judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. § 455(b)(1). "While no per se rule exists regarding the time frame in which recusal motions [under Section 455] should be filed … recusal motions should be filed with reasonable promptness after the ground for such a motion is ascertained." Preston v. United States, 923 F.2d 731, 733 (9th Cir. 1991).

The Ninth Circuit has explained that "the substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)). A party may demonstrate disqualifying bias or prejudice when "the alleged bias [ ] stem[s] from an 'extrajudicial source.'" Liteky v. United States, 510 U.S. 540, 554–56 (1994)). "[J]udicial rulings alone almost never constitute valid basis

---

[5] Sadorra filed a surreply even though he did not request or receive leave to file a surreply. (Dkt. No. 31.) Because this filing violates Local Rule 7-10, "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply," the Court will not consider the surreply (Dkt. No. 31). L. R. 7-10.

[6] In light of this Order, the Court **DENIES AS MOOT** Sadorra's requests to continue.

for a bias or partiality recusal motion." Id. at 555.  Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

The party seeking disqualification bears a "substantial burden" and affidavits in support of disqualification are strictly construed against the party seeking disqualification. Id.  The affidavit must set forth "facts and reasons" establishing the judge's bias, including: material facts stated with particularity; facts that, if true, would convince a reasonable person that bias exists; and facts showing that the bias is personal, rather than judicial, in nature. Reiffin v. Microsoft Corp., 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001); see Grimes v. United States, 396 F.2d 331, 333 (9th Cir. 1968) ("Detail of definite time and place and character are an absolute necessity to prevent the abuse" of Section 144) (internal quotations omitted).  Conclusory allegations without details are not sufficient. See Martelli v. City of Sonoma, 359 F. Supp. 397, 399 (N.D. Cal. 1973) ("In order to be legally sufficient[,] the allegations, taken as true, must contain information that is definite as to time and place.").  "The judge is presumed to be qualified, and there is a substantial burden upon the movant to show that such is not the case." United States v. Zagari, 419 F. Supp. 494, 501 (N.D. Cal 1976).

The judge against whom an affidavit of bias is filed "may pass on its legal sufficiency because . . . 'the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978) (quoting Berger v. United States, 255 U.S. 22, 32-34 (1922)).  "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." Azhocar, 581 F.2d at 738 (quoting United States v. Montecalvo, 545 F.2d 684, 685 (9th Cir. 1976)).  The Ninth Circuit has "held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." See United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986).

**B. Remand**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.  A removing defendant must file a notice of removal within thirty days after receipt of the initial pleading. Id. § 1446(b).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption

against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

### III. DISCUSSION

Sadorra moves to disqualify Judge Jesus Bernal because his "impartiality might reasonably be questioned due to his prior erroneous ruling in a separate but related federal case," as well as "potential conflicts of interest." (MTD at 1.) Starlight moves the Court to remand this matter on the grounds that removal is untimely, defective, and lacks jurisdiction. (MTR at 2.) The Court addresses each argument in turn.

**A. Motion to Disqualify**

While Sadorra's MTD asserts that Judge Bernal is impartial based on a previous ruling and "inconsistency in reported assets," Sadorra's allegations fail to indicate that this "Court's impartiality might reasonably be questioned." Hayes v. Nat'l Football League, 463 F. Supp. 1174, 1181 (C.D. Cal. 1979).

Sadorra asserts that Judge Bernal must be disqualified because he presided over Sadorra's separate but related case (Case No. 5:24-cv-0396)—"Judge Bernal's decision to dismiss Sadorra's well-pleaded RICO complaint as frivolous, despite the clear presence of alleged racketeering activity, raises significant concerns about his ability to fairly and impartially adjudicate the instant case." (Motion at 2.) Sadorra asserts that the dismissal constitutes an "erroneous ruling" and appealed the decision—the appeal is still pending. See Dennis D. Sadorra v. Starlight Dunes HOA, et al., Case No. 5:24-cv-0396-JGB-DTB (C.D. Cal. 2024).

Under Sections 144 and 455 "the alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." Studley, 783 F.2d at 939. Sadorra's allegation is not extrajudicial because it involves "the judge's performance while presiding over [his] case." Id. Because "[a]dverse rulings do not constitute the requisite bias or prejudice," Sadorra's allegations are insufficient. Azhocar, 581 F.2d at 739; see Liteky, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . they are proper grounds for appeal, not recusal."); see Davis v. Fendler, 650 F.2d 1154, 1163 (9th Cir. 1981) ("In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient.").

Sadorra also alleges that "a discrepancy has been discovered between Judge Bernal's Judiciary Financial Disclosure and a report prepared by a private investigator hired by [Sadorra]." (Motion at 3.) Sadorra admits the "specific nature of these potential conflicts is not yet clear," and provides no evidence except for what appears to be a blurry screenshot of a location history on Jesus Bernal. (Id. at 5-6, 9.) "Detail of 'definite time and place and

character' are an absolute necessity to prevent the abuse" of §§ 144 and 455(a).  Grimes v. United States, 396 F.2d 331, 333 (9th Cir. 1968).  Conclusory allegations without details are not sufficient.  See Martelli v. City of Sonoma, 359 F. Supp. 397, 399 (N.D. Cal. 1973) ("In order to be legally sufficient[,] the allegations, taken as true, must contain information that is definite as to time and place."); see United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997).

Here, Sadorra offers no evidence that would lead a reasonable person to conclude that Judge Bernal's impartiality might reasonably be questioned.  See Rodriguez v. Mortimer, 145 F.3d 1340 (9th Cir. 1998) (citing Hirsh v. Justices of Supreme Court of Cal., 67 F.3d 708, 715 (9th Cir.1995)) ("Rodriquez also contends that the district court erred by denying his motion to recuse Judge Panner on the basis of personal bias. We review for abuse of discretion and we affirm because Rodriguez failed to present any evidence to support his motion for recusal.")  Sadorra identifies no facts to support the claim that Judge Bernal is biased toward Sadorra.  Sadorra's conclusory statements are insufficient.  Liteky, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . they are proper grounds for appeal, not recusal.").

Accordingly, the Court **DENIES** the MTD.

**B.  Motion to Remand**

Next, the Court turns to the question of remand.  The Court first considers whether removal was timely.  Timeliness for removal is governed by 28 U.S.C. §1446(b) which requires that the notice of removal be filed within 30 days after the receipt by the defendant of a copy of the initial pleading, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.  28 U.S.C. § 1446(b)(1).

Here, Starlight initiated the State Court Action on July 8, 2020, and served Sadorra with the Complaint and summons on July 16, 2020.  (Motion at 9; RJN, Ex. 6.)  At no time during the three and a half years of state court proceedings did Sadorra dispute the state court's jurisdiction.  Instead, Sadorra "actively participated in the action" by filing an answer to the Complaint, and litigating a Cross-Complaint up to the eve of trial.  (Motion at 9; RJN, Ex. 5.)  Sadorra argues that removal was timely because of a "recent discovery" which allowed the State Court Action "to be publicly traded on the U.S. stock market."  (MTR Opposition at 9-10.)  Sadorra contends that upon this discovery, he promptly filed a federal RICO complaint against Starlight, which is directly related to and intertwined with the claims in the instant matter.  (Id.)  Sadorra also argues that removal was timely and proper because of "the revelation of the [state court] judge's bias."  (Id.)  Sadorra largely fails to include any of this alleged information in the NOR and merely states that he has "been augmenting initial complaints that shape Federal Questions . . . adding more claims and individuals involved in violations of the First, Fifth and Fourteenth Amendments, including acts that exceed the threshold for RICO Complaint."[7]  (NOR at 2.)

---

[7] Sadorra does not allege RICO violations in either of the instant cases.

Sadorra fails to demonstrate any valid excuse for his three-year delay in removal, nor has he shown any bad faith that prevented him from removing the action. (MTR Reply at 2; see MTR Opposition.) Accordingly, the Court **GRANTS** the MTR on the grounds that the removal was not timely.

Although Sadorra's lack of timeliness is sufficient grounds to remand this case, the Court briefly addresses the lack of federal jurisdiction. Starlight argues that remand is appropriate because there is no federal jurisdiction—the parties are not diverse, the amount in controversy is less than $75,000, and there is no federal question jurisdiction. (MTR at 10-12.) Sadorra argues that there is both federal question jurisdiction based on his RICO allegations and diversity jurisdiction based on "complete diversity of citizenship between the parties" and his amount in controversy of more than $75,000. (MTR Opposition at 15-20.) The instant case does not involve a RICO claim or any other claim that would implicate a federal question. (See NOR; MTR Reply at 3.) Sadorra does not substantively dispute the fact that all parties are citizens of California, as such there is no diversity jurisdiction. (See MTR Opposition); 28 U.S.C. § 1332. Accordingly, the Court **GRANTS** the MTR on the grounds that the instant case lacks federal jurisdiction.

### IV. CONCLUSION

For the above reasons, the Court **DENIES** Sadorra's motion to disqualify Judge Bernal and **GRANTS** Starlight's motions to remand and **REMANDS** both of these actions to the California Superior Court for the County of Riverside. The Court **VACATES** the June 3, 2024 hearing.

**IT IS SO ORDERED.**